**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Grady CANADY, Defendant–Appellant.**

No. 01–7374.

United States Court of Appeals, Fourth Circuit.

Submitted Oct. 18, 2001.

Decided Oct. 30, 2001.

Grady Canady, pro se. Dabney P. Langhorne, Office of the United States Attorney, Alexandria, VA, for appellee.

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

PER CURIAM.

Grady Canady appeals the district court's order denying his 28 U.S.C.A. § 2255 (West Supp.2001) motion. We dismiss the appeal for lack of jurisdiction because Canady's notice of appeal was not timely filed.

When the United States is a party, parties are accorded sixty days after entry of the district court's final judgment or order to note an appeal, *see* Fed. R.App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R.App. P. 4(a)(5) or reopens the appeal period under Fed. R.App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)).

The district court's order was entered on the docket on May 7, 2001. Canady's notice of appeal is deemed to be filed no earlier than August 9, 2001.* Because Canady failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are

---

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. *See* Fed. R.App. P. 4(c); *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).